**UNITED STATES of America,
Appellee,**

v.

**Hampton David STEWART, Jr.,
Appellant.**

**No. 20067.**

United States Court of Appeals,
Eighth Circuit.

July 10, 1970.

Kenneth K. Simon, Kansas City, Mo., for appellant.

William A. Kitchen, Asst. U. S. Atty., Kansas City, Mo., for appellee; Bert C. Hurn, U. S. Atty., Kansas City, Mo., on the brief.

Before JOHNSEN, Senior Circuit Judge, and MATTHES and LAY, Circuit Judges.

PER CURIAM.

Appellant was convicted on a jury trial of violation of 18 U.S.C. § 2113(a) in robbing, by force and intimidation, the Blue Ridge Bank of Kansas City, Missouri, a bank insured by the Federal Deposit Insurance Corporation, of over $72,000. This appeal has been taken by his appointed counsel at appellant's request.

Counsel obviously has had to draw upon his skill and experience in handling criminal cases in order to devise any appellate contentions on the record existing in the situation. He has also, in his appointive responsibility, gone over his brief with appellant and the reply made by the Government thereto, and had invited appellant to suggest any additional

points or considerations which he might deem possible or desire to have presented in his behalf.

The record, however, plainly demonstrates that the trial proceedings are without any semblance of arguable basis for an appellate attack, and the appeal is therefore legally frivolous.

The contentions attempted to be made are directed at the sufficiency of the Government's evidence on identification to enable the jury to find beyond a reasonable doubt that appellant was one of the two participants in the robbery. No evidence was offered on any aspect of the situation by appellant. His purported thrust against the sufficiency of the Government's evidence of identification is predicated on the elements (1) that only two out of the five bank employees present at the time of the robbery made identification of him, and (2) that no fingerprints of him were able to be uncovered at the scene.

As to the first of these aspects, the testimony shows that the two witnesses who made positive identification of appellant had had the opportunity to observe his face, which was without any mask, and that both had been able to engage twice in making such observation. The other three witnesses testified that they had immediately turned their backs upon appellant in response to his gunpoint demand that they do so and his warning "not to look at him" or "he would blow their heads off". The fact that the two witnesses thus were able to make an identification, while the other three were not, would not in these circumstances present any question of infirmity or discredit in the identification testimony arguable as a matter of law. Cf. Cline v. United States, 395 F.2d 138, 144 (8 Cir.1968); Clark v. United States, 391 F.2d 57, 60 (8 Cir.1968); Zarzour v. United States, 382 F.2d 1015, 1016 (5 Cir.1967). Nothing more than a matter for factual argument to the jury could possibly be involved, as the trial court held in denying appellant's motion for acquittal.

Similarly, the lack of fingerprints was not in the situation capable of being argued to present a question of inherent weakness on identification as a matter of law. The evidence showed that appellant's activities in connection with the robbery had consisted in herding the employees into another room, requiring them to lie face down on the floor, and then securing their hands behind their backs with some tape. The tape was of such material as apparently not to lend itself to fingerprint impression, for not only was there shown to be an absence of any fingerprints thereon from the tying operations, but similarly an absence of any prints thereon from the employees' acts of untying.

As previously suggested, the appeal would, on a procedural screening, have been entitled to be summarily dismissed as frivolous. Since, however, it has been permitted to take its course upon the calendar in argument and submission, we shall instead engage in a regular affirmance of the judgment.

Affirmed.