**Tom Lance KLEIN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 83–2265.**

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 22, 1984.

Decided Feb. 28, 1984.

Thomas E. Dittmeier, U.S. Atty., Kathianne Knaup Crane, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Tom Lance Klein, pro se.

Before ROSS, McMILLIAN and FAGG, Circuit Judges.

PER CURIAM.

Tom Lance Klein appeals from his conviction under 18 U.S.C. §§ 1341 and 1342 for mail fraud and for fraudulently using fictitious names through the Postal Service. For reversal, Klein argues that the district court committed error in denying his motions for judgment of acquittal because the

evidence was insufficient to identify Klein as the man who perpetrated the fraud.

■ Lloyd C. Jumper advertised a mail order firearms business in *The Shotgun News.* After Jumper accepted customer orders of over $50,000 without delivering any guns, he vanished, triggering a mail fraud investigation. Identification evidence linking Klein to the scheme included the testimony of two businessmen who dealt with Jumper repeatedly. In addition, Klein's fingerprints appeared on several documents associated with the fraud.

We find that this identification evidence was sufficient to support Klein's conviction. On appellate review of the sufficiency of evidence, this court considers the evidence in the light most favorable to the government and accepts all reasonable inferences as established. *United States v. Pruitt,* 702 F.2d 152, 155 (8th Cir.1983). Evidentiary conflicts are resolved in favor of the jury verdict. *United States v. Scarpellino,* 431 F.2d 475, 477 (8th Cir.1970). Although the evidence must be consistent with guilt, it need not be inconsistent with every other reasonable hypothesis. *United States v. Swayne,* 700 F.2d 467, 472 (8th Cir.1983). Circumstantial evidence is "intrinsically as probative as direct evidence" and may be the sole support for a conviction. *United States v. Two Eagle,* 633 F.2d 93, 97 (8th Cir.1980) (citations omitted).

Two witnesses who helped Jumper set up his business identified Klein as Jumper. After three or four negotiation meetings, a realtor named Baker leased an office to Jumper, and a banker named Reed met Jumper six or seven times for periods of five to twenty minutes when he opened an account and withdrew large amounts of cash. Both men accurately described Jumper as a bearded man physically resembling Klein. Reed selected Klein's photograph from a display, and Baker did so on a second showing. Both men positively identified Klein as Jumper at trial. Under similar circumstances (an out-of-court photo display and an in-court identification), appellate courts have accepted similar identification testimony. *United States v. Bangert,*

645 F.2d 1297, 1303–04 (8th Cir.), *cert. denied,* 454 U.S. 860, 102 S.Ct. 314, 70 L.Ed.2d 158 (1981); *United States v. Wolfish,* 525 F.2d 457, 462 (2d Cir.1975), *cert. denied,* 423 U.S. 1059, 96 S.Ct. 794, 46 L.Ed.2d 649 (1976).

Klein's witnesses testified that he had shaved his beard at the time of the fraud. This does not undercut the sufficiency of the identification evidence because Klein's witnesses were his close friends and were imprecise as to when he was beardless. The jury resolves testimonial conflicts, and they could have rejected this conflicting evidence as biased or inaccurate.

Klein also argues that Reed's testimony is weakened by the absence of identification evidence from other bank employees. In a similar context, this court found that "[t]he fact that the other witnesses were unable to make positive identifications of defendant does not 'present any question of infirmity or discredit in the identification testimony arguable as a matter of law.'" *United States v. Scarpellino, supra,* 431 F.2d at 477 (quoting *United States v. Stewart,* 429 F.2d 15, 16 (8th Cir.1970)).

Klein's fingerprints on four bank documents also supports the jury's verdict. While Klein testified that he pushed papers off of a desk while visiting the office of Great Midwest Hardware for the purpose of selling a gun, the jury could properly have discounted Klein's explanation for the fingerprints. *The Shotgun News* advertisement did not invite anyone to come to Midwest, nor did it advertise to buy any guns, and it specified "No over-the-counter sales." Baker testified that he had been denied admittance when he visited the office. Moreover, it is unlikely that perpetrators of fraud would allow a stranger to handle bank records and checks in their office. Finally, the government established the improbability that all four documents would have been in the office simultaneously, given the dates of the documents and the frequency of Jumper's banking transactions.

In a supplemental pro se brief Klein also claims violations of his fifth and fourteenth

amendment rights stemming from prosecutorial misconduct and the use of "false evidence." We have carefully reviewed these arguments and find them to be meritless.

Accordingly, the judgment of the district court is affirmed.