[No. 20489-1-I.   Division One.   August 22, 1988.]

THE STATE OF WASHINGTON, *Respondent*, v. FRED THOMAS BOYCE, *Appellant*.

---

*Lenell Nussbaum* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Timothy M. Blood, Deputy,* for respondent.

WINSOR, J.—Fred Boyce appeals from a judgment and sentence for possessing cocaine with intent to manufacture or deliver, and for being a felon in possession of a firearm. Boyce contends the trial court erred in refusing to suppress evidence obtained in a warrantless automobile search. We reverse.

In the early morning hours of October 12, 1986, Sergeant Jacobson of the Washington State Patrol arrested Boyce on an outstanding $750 traffic warrant and for driving with a suspended license. Boyce had attracted Jacobson's attention by driving southbound on Interstate 5 at an estimated speed of 90 to 95 m.p.h. and by erratic lane travel. Jacobson stopped Boyce and asked him for identification. Boyce could not produce a license or an automobile registration and could identify the car's owner only by first name. A driver's license and registration check revealed the status of Boyce's license, his outstanding warrant, and that the car had not been reported stolen.

Shortly after Jacobson stopped Boyce, Trooper Hewitson came to the scene and assumed the tasks of taking Boyce into custody and transporting him to the King County Jail. While Hewitson and Boyce were en route, Jacobson began to search the car.

Jacobson found a soft-sided briefcase on the car's backseat. The briefcase was zipped shut. Jacobson opened the

briefcase and found a 5½– by 6½–inch soft container that was also zipped shut. Jacobson opened this container and discovered five clear plastic baggies containing a white crystalline material that Jacobson believed to be cocaine, and six chunks of what appeared to be rock cocaine. A later laboratory analysis confirmed that the substances found contained cocaine.

The car was then towed to the State Patrol office in Bellevue. There, while securing the vehicle, Jacobson noticed a revolver barrel sticking out from under the driver's seat. The car was subsequently searched pursuant to a search warrant. No additional illegal drugs were found.

Boyce was charged with possessing cocaine with intent to manufacture or deliver and with being a felon in possession of a firearm. Boyce moved before trial to suppress evidence discovered by Jacobson pursuant to the search and impoundment. The trial court concluded that Boyce's car was lawfully impounded, that Jacobson's search was a lawful inventory search, and that it was also a lawful search incident to arrest, and denied Boyce's motion. Boyce waived his right to a jury trial and stipulated to the facts contained in the police report. He was found guilty as charged. This appeal followed.

## SEARCH INCIDENT TO ARREST

■ The fourth amendment to the United States Constitution protects against unreasonable searches and seizures. Article 1, section 7 of the Washington State Constitution affords additional, heightened protections. *State v. Stroud,* 106 Wn.2d 144, 148–50, 720 P.2d 436 (1986); *State v. Chrisman,* 100 Wn.2d 814, 818–19, 676 P.2d 419 (1984); *State v. Simpson,* 95 Wn.2d 170, 177–79, 622 P.2d 1199 (1980). A warrantless search is per se unreasonable, unless the search falls within one of the jealously and carefully drawn exceptions to constitutional warrant requirements. *Simpson,* 95 Wn.2d at 188; *State v. Houser,* 95 Wn.2d 143, 149, 622 P.2d 1218 (1980).

One exception to the constitutional warrant requirement is a search incident to an arrest. Police are permitted to conduct a warrantless search incident to an arrest because such a search is necessary to remove weapons an arrestee might seek to use to resist arrest or effect an escape, and to prevent the concealment or destruction of evidence. *Chimel v. California,* 395 U.S. 752, 762–63, 23 L. Ed. 2d 685, 89 S. Ct. 2034 (1969); *Stroud,* 106 Wn.2d at 151–52; *see Seattle v. Mesiani,* 110 Wn.2d 454, 457, 755 P.2d 775 (1988) (citing *Stroud* for the proposition that warrantless searches incident to arrests are allowed to prevent destruction of evidence or danger to officers). The scope of such a search is therefore limited to the area within the arrestee's immediate control. *Chimel,* 395 U.S. at 763. For purposes of a vehicle search made incident to an arrest, the area within an arrestee's immediate control includes the passenger compartment of an automobile, as it is "generally, even if not inevitably, within 'the area into which an arrestee might reach in order to grab a weapon or evidentiary ite[m].'" *New York v. Belton,* 453 U.S. 454, 460, 69 L. Ed. 2d 768, 101 S. Ct. 2860 (1981) (quoting *Chimel,* 395 U.S. at 763).

In *State v. Stroud, supra,* Washington adopted a bright line standard for determining whether a warrantless automobile search made incident to an arrest complies with state constitutional requirements:

> During the arrest process, including the time immediately subsequent to the suspect's being arrested, handcuffed, and placed in a patrol car, officers should be allowed to search the passenger compartment of a vehicle for weapons or destructible evidence. However, if the officers encounter a locked container or locked glove compartment, they may not unlock and search either container without obtaining a warrant.

*Stroud,* 106 Wn.2d at 152. The *Stroud* court carefully crafted this rule to create an easily applied "reasonable balance" between the need for effective police enforcement and the protection of individual rights. *Stroud,* at 152.

*Stroud* is based solely upon independent state grounds and explicitly draws the search incident to arrest exception to the warrant requirement more narrowly than cases decided under the fourth amendment to the United States Constitution. *Compare Stroud,* 106 Wn.2d at 152 *with New York v. Belton, supra* (police may search passenger compartment and all containers found within it contemporaneously with the lawful custodial arrest of the automobile occupant).

█ Here, the State asks us to extend *Stroud* to a situation in which the defendant not only has been "arrested, handcuffed, and placed in a patrol car," but has also been removed from the scene. This is a matter of first impression in this state. We conclude that our state constitution does not permit such an extension.

The Louisiana Supreme Court has considered whether *Belton* permits an automobile search incident to arrest once an arrestee has been taken to the police station. That court concluded that the only basis for the *Belton* rule, "'that articles within the relatively narrow compass of the passenger compartment of an automobile are in fact generally, even if not inevitably, within "the area into which an arrestee might reach in order to grab a weapon or evidentiary item,"'" has no application once an arrestee has been removed from the scene, as even the slightest possibility that the arrestee could reach for an article within the vehicle is foreclosed. *State v. Hernandez,* 410 So. 2d 1381, 1384–85 (La. 1982); *see also State v. Ritte,* ___ Hawaii ___, 710 P.2d 1197, 1201 (1985) (holding, after discussing the purposes of the search incident to arrest exception, that a search was not within the exception as the "arrestees had already been taken from the area").

One Circuit of the federal Courts of Appeals has reached a different result than *Hernandez* and *Ritte.* In *United States v. McCrady,* 774 F.2d 868 (8th Cir. 1985), the court considered whether a warrantless automobile search was

invalid because when the search was conducted, one of two automobile occupants had already been transported from the scene and the other occupant, McCrady, had not yet been placed under arrest. Without analysis, the *McCrady* court found the search at issue to be similar to that conducted in *Belton* and to be within the "bright line" *Belton* rule. *McCrady,* 774 F.2d at 872.

*McCrady* was decided under federal law which permits greater intrusions into the privacy of citizens than does Washington law. *E.g., State v. Stroud, supra; State v. Chrisman, supra.* We reiterate that the right to search incident to an arrest is an exception to the warrant requirement and as such must be jealously and carefully drawn, and must be confined to situations involving special circumstances. *Mesiani,* 110 Wn.2d at 457; *Stroud,* 106 Wn.2d at 147–48; *Houser,* 95 Wn.2d at 149; *State v. Roberts,* 31 Wn. App. 375, 379–80, 642 P.2d 762 (1982). In light of *Stroud* and our state constitution, we hold that once Boyce was removed from the scene, there simply were no special circumstances present that justified a warrantless vehicle search as there was no possibility that Boyce could destroy evidence or grab a weapon. The trial court therefore erred in not suppressing evidence discovered as a result of Jacobson's search.[1]

### INVENTORY SEARCH

The trial court also concluded that Jacobson lawfully impounded Boyce's car and conducted a lawful inventory search. On appeal, Boyce challenges this finding and the State concedes the illegality of the impound and inventory search. We have considered the issue and agree that the trial court erred in refusing to suppress evidence obtained as a result of the inventory search and impound.

---

[1]As a result of our holding, we do not reach the merits of Boyce's other arguments concerning the legality of the search as a search incident to arrest.

280

The judgment of the trial court is reversed and the case is remanded for new trial.

GROSSE and PEKELIS, JJ., concur.