THE STATE OF WASHINGTON, *Respondent*, v. PEDRO
QUINTERO–QUINTERO, *Appellant*.

*Antonio Salazar* and *Salazar Law Offices*, for appellant.

*Gary A. Riesen, Prosecuting Attorney*, and *Alicia H.
Nakata, Deputy*, for respondent.

GREEN, C.J.—Pedro Quintero–Quintero was charged and convicted of possession of cocaine. He appeals, contending (1) the court erred in denying his motion to suppress the cocaine, and (2) there was insufficient evidence to support his conviction. We affirm.

The relevant facts are summarized in the undisputed findings of fact entered by the trial court following a CrR 3.6 hearing:

> On January 6, 1989 at approximately 4:45 in the afternoon, Sgt. Crist of the Wenatchee Police Department observed a blue Chevrolet Camaro driving in the vicinity of Okanogan Street in Wenatchee, Chelan County. He immediately recognized the vehicle and license plate, as well as the driver as an individual who had been stopped approximately 2–1/2 weeks earlier and placed under arrest for Driving While Suspended as an habitual traffic offender. On the previous arrest, Sgt. Crist had personally inquired as [to] the defendant's driving status. As Sgt. Crist proceeded to follow this vehicle he observed improper [lane] travel in that the driver was observed to lean forward and swerve his vehicle nearly into a parked car. Sgt. Crist continued to follow the vehicle and during this time radioed dispatch to confirm a driver's status. He activated his emergency lights and continued to follow the vehicle which came to a stop in an alley behind [the Quintero–Quintero] residence. As Sgt. Crist contacted the driver he received confirmation from Wenatchee Police Department Dispatch that the defendant's driver's status was still suspended. The defendant was placed under arrest and advised of his constitutional rights. Officer Pippin arrived at the scene and he searched the vehicle passenger compartment and found a straw. Officer Pippin had previous experience and training in the identification of controlled substances and paraphernalia and recognized the straw with white powder on it as being possibly cocaine paraphernalia. Officer Pippin also noticed that a tape in the tape deck was askew and observed a piece of paper sticking out. Officer Pippin then checked inside the tape deck and found a bindle which he opened and observed white powder inside . . .. The defendant was . . . transported to the Chelan County Regional Jail. He was cited for Driving While Suspended, but no citation was issued for the improper lane travel.

After his arrest, Mr. Quintero–Quintero was patted down, but nothing was found.

First, Mr. Quintero–Quintero contends the court erred by denying his motion to suppress and upholding his arrest and the subsequent search of his vehicle incident thereto.

He relies on *State v. Stortroen*, 53 Wn. App. 654, 769 P.2d 321 (1989). We find no error.

When a driver is stopped for a traffic violation, an arrest may be made if (1) the offense necessitating the stop falls within the enumerated offenses of RCW 10.31.100(3), or (2) the offense does not fall within RCW 10.31.100(3), but the officer has reasonable grounds to believe the driver will not respond to a citation. Cases which review an arrest based upon nonstatutory grounds include the following: *State v. Hehman*, 90 Wn.2d 45, 578 P.2d 527 (1978); *State v. Barajas*, 57 Wn. App. 556, 789 P.2d 321, *review denied*, 115 Wn.2d 1006 (1990); *State v. Watson*, 56 Wn. App. 665, 784 P.2d 1294, *review denied*, 114 Wn.2d 1028 (1990); *State v. Jordan*, 50 Wn. App. 170, 747 P.2d 1096 (1987), *review denied*, 110 Wn.2d 1027 (1988); *State v. McIntosh*, 42 Wn. App. 573, 712 P.2d 319, *review denied*, 105 Wn.2d 1015 (1986).

■ Here, Mr. Quintero–Quintero's arrest was specifically authorized by RCW 46.64.015:

> Whenever any person is arrested for any violation of the traffic laws or regulations which is punishable as a misdemeanor . . ., the arresting officer may serve upon him or her a traffic citation and notice to appear in court. . . . The detention arising from an arrest . . . may not be for a period of time longer than is reasonably necessary . . . except . . .:
>
> . . . .
>
> (2) Where the arresting officer has probable cause to believe that the arrested person has committed any of the offenses enumerated in RCW 10.31.100(3) . . .;

and RCW 10.31.100:

> A police officer having probable cause to believe that a person has committed or is committing a felony shall have the authority to arrest the person without a warrant. A police officer may arrest a person without a warrant for committing a misdemeanor or gross misdemeanor only when the offense is committed in the presence of the officer, except as provided in subsections (1) through (8) of this section.
>
> . . . .
>
> (3) Any police officer having probable cause to believe that a person has committed or is committing a violation of any of the following traffic laws shall have the authority to arrest the person:

(e) *RCW 46.20.342, relating to driving a motor vehicle while operator's license is suspended or revoked;* (Italics ours.) Laws of 1987, ch. 66, § 1. Thus, any search of the driver which occurs incident thereto is appropriate. *State v. LaTourette,* 49 Wn. App. 119, 741 P.2d 1033 (1987), *review denied,* 109 Wn.2d 1025 (1988); *State v. White,* 44 Wn. App. 276, 722 P.2d 118, *review denied,* 107 Wn.2d 1006 (1986).

Mr. Quintero–Quintero urges that we apply *Stortroen.* We decline to do so. In *Stortroen,* a driver was stopped for a routine driving violation. Thereafter, the officer, having determined the driver's license had been revoked, arrested him. An inventory search of the car prior to impoundment revealed cocaine. Thereupon, the passenger, Mr. Stortroen, was arrested. On appeal the court, relying on *Hehman,* reversed, holding that a custodial arrest for a traffic violation "is permissible if there are reasonable grounds to believe the defendant will disregard the written promise to appear pursuant to the citation." *Stortroen,* at 658–59. Since there was no indication that the driver would not appear, the arrest and subsequent search of the driver and passenger, Mr. Stortroen, was unjustified.

In *Hehman,* the driver was stopped for a defective taillight and subsequently arrested after the officer discovered his driver's license was expired. On appeal, the trial court's decision to uphold the arrest and subsequent search incident thereto was reversed on public policy grounds. The court stated a custodial arrest for a minor traffic violation was unjustified, unwarranted and impermissible. We note after *Hehman* was decided in 1978, the Legislature in 1981 amended RCW 10.31.100(3) to specifically authorize arrest for driving with a revoked or suspended license. Thus, in our view, the court in *Stortroen* mistakenly relied upon *Hehman* instead of RCW 10.31.100(3) in reaching its decision. Consequently, we are not inclined to apply *Stortroen* here.

■ Since the arrest of Mr. Quintero–Quintero was proper, the search incident to that arrest was likewise proper. *State v. Fladebo,* 113 Wn.2d 388, 779 P.2d 707 (1989); *State v. Stroud,* 106 Wn.2d 144, 720 P.2d 436 (1986); *State v. Fore,* 56 Wn. App. 339, 783 P.2d 626 (1989), *review denied,* 114 Wn.2d 1011 (1990).

■ Moreover, the arrest was proper, in any event, because the officer had reason to believe Mr. Quintero–Quintero was a habitual traffic offender. A habitual traffic offender who operates a motor vehicle while an order of revocation is in effect is guilty of a gross misdemeanor. RCW 46.65.090. Upon the first conviction of such an offense, the offender shall be punished by imprisonment for not less than 10 days nor more than 6 months. Former RCW 46.20.342. In light of the imposition of mandatory jail time, the rationale for merely issuing a citation is not present.

■ Mr. Quintero–Quintero also contends there was insufficient evidence he knowingly possessed the cocaine found in the vehicle. We disagree. While it is acknowledged unwitting possession is a defense, *see State v. Cleppe,* 96 Wn.2d 373, 635 P.2d 435 (1981), *cert. denied,* 456 U.S. 1006 (1982), the defendant bears the burden of proving the defense by a preponderance of the evidence. *State v. Knapp,* 54 Wn. App. 314, 773 P.2d 134, *review denied,* 113 Wn.2d 1022 (1989). Mr. Quintero–Quintero has failed to produce that evidence. There was no error.

The denial of the motion to suppress and the conviction are affirmed.

MUNSON and SHIELDS, JJ., concur.