[No. 13351-2-II.   Division Two.   September 9, 1991.]

THE STATE OF WASHINGTON, *Respondent*, v. LOU ANNE CASS, *Appellant*.

794

*John A. Hays,* for appellant (appointed counsel for appeal).

*C.C. Bridgewater, Prosecuting Attorney,* for respondent.

PETRICH, A.C.J. — This case presents the novel question of whether a police officer may search a vehicle incident to the lawful arrest of a passenger, but not the driver, of the vehicle. We hold that under the rationale of *State v. Stroud,* 106 Wn.2d 144, 720 P.2d 436 (1986), the police can search a vehicle under these circumstances.

Lou Anne Cass appeals her conviction for possession of a controlled substance contending that the court erred in not suppressing evidence that the State obtained in a search incident to the arrest of a passenger in her vehicle.

Cass's automobile caught the attention of police conducting surveillance of a drug distribution point. A police sergeant followed the car and soon recognized one of the three occupants as Chad Jendry, a passenger. After confirming the existence of three warrants for Jendry's arrest, the officer stopped the vehicle.

Without contacting Cass, the officer went to the passenger side of the car, spoke to Jendry, requested that Jendry exit from the car, handcuffed him, searched him, and recovered a syringe and $150 from his pants pocket. The officer then placed him in the patrol car.

A backup officer arrived and asked Cass to produce a driver's license and vehicle registration. Three to five minutes later, the first officer returned and conducted a warrantless search of the passenger compartment. He discovered methamphetamine and then arrested Cass.

At the suppression hearing, the trial court upheld the validity of the search. Both officers testified that Cass consented to the search of the vehicle, but the court made

no findings on the issue of consent. The court then found Cass guilty on stipulated facts.

## VOLUNTARINESS OF CONSENT

Preliminarily, we dispense with the State's argument that Cass's voluntary consent justified the search. Although both police officers testified that Cass consented, the court entered no such finding.

■ The voluntariness of consent is a question of fact to be determined from the totality of the circumstances. *Schneckloth v. Bustamonte*, 412 U.S. 218, 36 L. Ed. 2d 854, 93 S. Ct. 2041 (1973); *State v. Shoemaker*, 85 Wn.2d 207, 211-12, 533 P.2d 123 (1975). The prosecution has the burden of proving that the consent was voluntary by clear and convincing evidence. *State v. Cole*, 31 Wn. App. 501, 504, 643 P.2d 675 (1982).

■ When there is an absence of a finding on a factual issue, it is presumed that the party with the burden of proof failed to sustain its burden on this issue. *Smith v. King*, 106 Wn.2d 443, 451, 722 P.2d 796 (1986). Thus, we presume that the search was not consensual.

## SEARCH INCIDENT TO PASSENGER'S ARREST

Cass contends that the search of her car was improper because it was not a search incident to her arrest. "The right to search incident to an arrest is an exception to the warrant requirement and as such must be jealously and carefully drawn, and must be confined to situations involving special circumstances." *State v. Boyce*, 52 Wn. App. 274, 279, 758 P.2d 1017 (1988) (citing *Seattle v. Mesiani*, 110 Wn.2d 454, 457, 755 P.2d 775 (1988)). A police officer can search the passenger compartment of a vehicle for weapons or destructible evidence during the arrest process; this includes the time immediately subsequent to arresting, handcuffing, and placing the suspect in a patrol car. *State v. Stroud*, 106 Wn.2d at 152.

Cass contends that the *Stroud* holding does not apply under the facts of this case. In *Stroud*, after the driver and passenger of an automobile were validly arrested and

placed in a patrol car, a warrantless search of the passenger compartment produced incriminating evidence. The *Stroud* court recognized the need to balance an individual's privacy interest against the dangers to law enforcement officers presented during the arrest of a person in an automobile. *Stroud*, at 149-50. Noting that article 1, section 7 of the Washington Constitution provides a more protective standard than that provided by the fourth amendment to the United States Constitution, the court set forth a bright line rule: "During the arrest process, including the time immediately subsequent to the suspect's being arrested, handcuffed, and placed in a patrol car, officers should be allowed to search the passenger compartment of a vehicle for weapons or destructible evidence." *Stroud*, at 152.

In *Stroud*, the arrest of the driver validated the subsequent warrantless search of the automobile. Here, only one of the three occupants, a passenger in the backseat, was subject to arrest. Cass argues that under these circumstances a warrantless search is not justified. Hence, the question: When the driver of the car is not the one arrested, does the balance tilt in favor of individual privacy?

The State argues that *Stroud* did not limit the bright line rule to cases in which the driver was arrested. *Stroud* states that the police can search an automobile when they arrest the "suspect". *Stroud*, at 152. This is consistent with cases interpreting the fourth amendment to the United States Constitution. In *New York v. Belton*, 453 U.S. 454, 69 L. Ed. 2d 768, 101 S. Ct. 2860 (1981), the Court held that the area of the immediate control of the arrestee includes the entire passenger compartment of the vehicle. While *Belton* suggested that the custodial arrest justified the infringement of any privacy right the arrestee may have, the rights of a nonarrestee do not override this police authority. *See United States v. Hens-*

*ley,* 469 U.S. 221, 235-36, 83 L. Ed. 2d 604, 105 S. Ct. 675 (1985) (after officer found probable cause to arrest passenger, he could search entire passenger compartment because it was in passenger's immediate control); *Malloy v. State,* 462 A.2d 1088 (Del. 1983) (search incident to passenger's arrest lawful); *see also Chimel v. California,* 395 U.S. 752, 763, 23 L. Ed. 2d 685, 89 S. Ct. 2034 (1969) (scope of search incident to arrest is area of arrestee's immediate control).

As yet, no Washington court has applied the rationale of *Stroud* to a situation where a passenger but not the driver of a car is arrested. *See State v. Grover,* 55 Wn. App. 252, 777 P.2d 22 (substantial possibility that the driver and occupants of car committed burglary), *review denied,* 113 Wn.2d 1032 (1989); *State v. Quintero-Quintero,* 60 Wn. App. 902, 808 P.2d 183 (1991) (search incident to lawful arrest of habitual traffic offender lawful); *State v. Boyce,* 52 Wn. App. at 274 (search of vehicle after arrestee in custody and en route to police station unlawful); *State v. Stortroen,* 53 Wn. App. 654, 769 P.2d 321 (1989) (search incident to noncustodial arrest for misdemeanor traffic offense unlawful).

■ Because Jendry was in handcuffs in the back of a police car, one might assume that there was no immediate threat to the officer's safety or any possibility of escape. However, these two factors did not sway the *Stroud* court and, hence, we refuse to look to the specific facts and circumstances of this case. The *Stroud* court sought to eliminate any such case-by-case analysis because of the difficult burden it places on police officers "who must make a decision to search with little more than a moment's reflection." *Stroud,* 106 Wn.2d at 151. Consequently, the trial court correctly interpreted the *Stroud* decision in its refusal to suppress the evidence before it.

Judgment affirmed.

MORGAN, J., concurs.

ALEXANDER, J. (dissenting) — I dissent from the majority opinion because I believe that the search of the interior of Cass's automobile constituted an invasion of Cass's personal affairs, and thus, violated article 1, section 7 of the Washington Constitution. In reaching that conclusion, I part from the majority's view that the search was lawful as incident to the lawful arrest of Jendry, a passenger who was arrested and removed from Cass's car pursuant to previously issued warrants for Jendry's arrest.

In affirming the trial court, the majority opinion places great reliance on our Supreme Court's opinion in *State v. Stroud*, 106 Wn.2d 144, 720 P.2d 436 (1986). The opinion concludes that the rule announced in *Stroud* should be extended to permit the search of an automobile in any case where a passenger in that car is lawfully arrested. In my judgment, the factual differences between the instant case and *Stroud* are significant and should preclude extension of the *Stroud* rule to these facts.

The majority stresses what it believes is the necessity for a "bright line" rule in cases such as this so that police officers are not burdened with having to make case-by-case decisions as to whether a search of a car is justified. It appears to be attracted to a rule that says any car in which a passenger is arrested may be searched as incident to the arrest of that passenger. Such a rule, in my opinion, not only goes beyond *Stroud*, but is far too intrusive to be tolerated. I reach that conclusion for several reasons. First, our Supreme Court has recognized that a person in possession of a vehicle has a legitimate expectation of privacy and is entitled to the heightened protection afforded by article 1, section 7 of our State Constitution. *State v. Simpson*, 95 Wn.2d 170, 622 P.2d 1199 (1980). In addition, the car being searched was not, so far as we know, the property of the person under arrest. It seems obvious and almost beyond debate that the property rights of persons who are not under arrest should be

accorded more sanctity than should the property rights of persons under arrest. We should be slower, therefore, to disturb the personal affairs and property rights of persons who are not under arrest. A more reasonable balance between the privacy rights of individuals who are not under arrest and the need for effective law enforcement can and should be struck. Extending the rule announced in *Stroud*, which permits the search of a car incident to the arrest of the driver of that car, to cases such as this is not a reasonable balance.

That is not to say that an automobile should never be searched as incident to the passenger's arrest. In some cases the totality of the facts, combined with the exigent circumstance that cars are mobile, might furnish a basis for a search of the car with or without a warrant. The rationale usually given for a warrantless search of a car is to discover weapons that might be used against the officers and to prevent destruction of evidence by *the arrestee* of the crime for which he is arrested. *New York v. Belton*, 453 U.S. 454, 69 L. Ed. 2d 768, 101 S. Ct. 2860 (1981). Here, it is obvious that there was no need to search the car for either of those reasons. Jendry had been removed from Cass's car and it is clear that after his removal there was no danger that he could obtain weapons from the car. Furthermore, he was not in any position to destroy any evidence that might have been in the car. While the other occupants of the car, including Cass, could perhaps have removed any evidence that was in the car, there was no reason to believe that the car contained any evidence relating to the crime for which Jendry had been arrested. It is worth noting in this regard that Jendry was arrested pursuant to outstanding arrest warrants for alleged crimes that are unknown to us. For all we know, the warrants were issued for his failure to pay parking citations. In short, there is nothing in the record to suggest that Jendry was committing a crime while he was a passenger in Cass's car. It was,

therefore, not reasonable to believe that the car in which he was riding contained evidence or contraband.

Plainly, there were no facts or circumstances that justified this substantial intrusion into Cass's personal affairs. There was no warrant for Cass's arrest and during the course of the stop Cass did nothing that would suggest that she or anyone else in her car was doing anything unlawful. Indeed, there was no more justification for a search of Cass's car, after Jendry was removed from it, than there was to search the next car coming down the road. The search of Cass's car was nothing more than a fishing expedition and it violated Cass's right of privacy as guaranteed by our State's constitution. The evidence seized as a result of this search should have been suppressed.

Review denied at 118 Wn.2d 1012 (1992).