991 F.2d 802
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES OF AMERICA, Appellee,
v.
Royce Gregory LOUDNER, Appellant.
 No. 92-3308.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 16, 1993.
Filed: April 21, 1993.
 
 Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and HANSEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Royce Gregory Loudner appeals his jury convictions for one count of abusive sexual contact in violation of 18 U.S.C. § 2244(a)(1) and two counts of aggravated sexual abuse in violation of 18 U.S.C. § 2241(c). We affirm.
 
 
 2
 Loudner contends the district court improperly excluded evidence of a prior inconsistent statement made by the sex abuse victim to her sister regarding the sex abuser's identity. At trial, the victim testified Loudner sexually abused her. In Loudner's offer of proof, the sister testified the victim had stated a drunkard grabbed her. When asked if the victim said whether she knew who the drunkard was, the sister testified, "No. She just said drunkard." The sister did not question the victim to clarify the identity of the drunkard. Concluding the victim's prior statement was not inconsistent with her in-court identification of Loudner, the district court excluded the sister's testimony.
 
 
 3
 Loudner could only introduce the sister's testimony to impeach the victim if the victim's out-of-court statement were inconsistent with the victim's trial testimony. United States v. McCrady, 774 F.2d 868, 873 (8th Cir. 1985). The district court has "considerable discretion in determining whether trial testimony is inconsistent with prior statements." Id. The sister did not testify that the victim actually said she did not know who the abuser was, and Loudner did not raise any other arguments that the victim's statement to her sister was inconsistent with the victim's trial testimony. Thus, we conclude the district court did not abuse its discretion in determining the victim's out-of-court and in-court statements were not inconsistent and in excluding the sister's testimony.
 
 
 4
 Loudner also challenges the district court's decision granting the jury's request to have the testimony of the Government's expert witness read back during jury deliberations. Whether to grant a jury's request to have testimony read back is within the discretion of the district court. See United States v. Haren, 952 F.2d 190, 197 (8th Cir. 1991); United States v. Bear Ribs, 722 F.2d 420, 422 (8th Cir. 1983). The district court concluded the jury's request was reasonably well-focused, and the jury insisted the reading was necessary to reach a unanimous verdict. Although the district court estimated it would take two hours to read back the testimony, the jury stated this period of time was insignificant. To reduce the possibility that the jury would place undue emphasis on the expert's testimony, the district court deleted the portion of the testimony establishing the witness as an expert and required the rest of the witness's direct and cross-examination be read back. Under these circumstance, we conclude it was within the district court's discretion to grant the jury's request to have the testimony read back.
 
 
 5
 Accordingly, we affirm.