# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

————————

No. 98-2789

————————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Samuel Russell LaFountain, also | * | District of North Dakota |
| known as Sam Enno, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

————————

Submitted: January 7, 1999

Filed: January 21, 1999

————————

Before McMILLIAN, RICHARD S. ARNOLD, and MORRIS SHEPPARD
ARNOLD, Circuit Judges.

————————

PER CURIAM.

Samuel Russell LaFountain, a Native American, appeals from the final judgment entered in the District Court[1] for the District of North Dakota upon a jury verdict finding him guilty of involuntary manslaughter, in violation of 18 U.S.C. §§ 1112 and 1153. The district court sentenced appellant to 21 months imprisonment and three

---

[1]The Honorable Patrick A. Conmy, United States District Judge for the District of North Dakota.

years supervised release. For reversal, appellant argues the district court erred in finding that he voluntarily waived his Miranda[2] rights and abused its discretion in excluding evidence. For the reasons discussed below, we affirm the judgment of the district court.

Briefly, the evidence presented at a two-day trial showed the following. On November 18, 1997, around 9:30 p.m., a pick-up truck driven by appellant was following Clarence Davis's eastbound vehicle on North Dakota State Highway 5. Appellant was speeding up and then slowing down, and he was blinking the truck's lights on and off. As the truck passed Davis in the westbound lane, it struck an oncoming car driven by Farrah Reopelle. Reopelle testified that she was driving in the westbound lane when headlights were turned on directly in front of her "four to five car lengths" ahead in her lane and that the truck was "going pretty fast." After striking the driver's side of Reopelle's vehicle, the truck proceeded east on the highway approximately 505 feet. A second vehicle driven by Fu Kong Yun (Yun) then collided with the truck. There was conflicting evidence whether appellant's truck had came to a complete stop when struck by Yun. Yun testified that the truck was about 30 feet away in his lane (westbound) with no lights on when he first saw it, and that "he would not have hit" the truck if it had not been not in his lane. Bureau of Indian Affairs officer Arlyn Vivier and accident reconstructionist Mark Decoteau each testified that, at the time of impact, Yun had crossed the centerline of the road and a portion of appellant's truck was across the centerline. The passenger in Yun's vehicle, Qu Hong Yan (Qu), later died from injuries sustained in the accident. After the collisions, appellant was found in a ditch and was heard to ask if he had killed anyone.

Investigators found open and empty cans of beer in appellant's truck and scattered around the accident scene. Officer Vivier testified that he could smell alcohol on appellant's breath, and the result of appellant's blood test showed a blood alcohol

---

[2]Miranda v. Arizona, 384 U.S. 436 (1966).

content of .17%. Over appellant's objection, FBI Agent Carl Florez testified that during a December 12 interview, appellant told him that on the day of the accident, he had been drinking at various locations and "that on a scale of 1 to 10, 10 being extremely drunk," appellant said that "he was probably an 8." Appellant also stated that he did "not remember driving the vehicle at the time of the accident." Additionally, during cross-examination of Yun, appellant attempted to elicit testimony from Yun about a conversation Yun allegedly had had with Qu's brother regarding monetary damages. The government objected--on hearsay grounds--and the district court sustained the objection. Later, during cross-examination of Florez, appellant attempted to question Florez about an argument he had witnessed in Qu's hospital room between Qu's family and Yun after Florez was called to the hospital by security officers; the government objected, this time on relevance grounds, and the district court sustained this objection .

The jury returned a guilty verdict. This appeal followed.

Appellant first argues that the district court erred in finding he had voluntarily waived his Miranda rights during the interview with Agent Florez and in admitting his statement. Under the totality of the circumstances, we hold that the district court correctly found that appellant's waiver was voluntary. See United States v. Byrne, 83 F.3d 984, 989 (8th Cir. 1996) (reviewing de novo ultimate determination of whether defendant voluntarily made statements). Like the district court, we note that the statement was cumulative, in any event, to other evidence of appellant's intoxication, including his blood alcohol test results; the open and empty beer cans found in the truck and at the accident site; and Vivier's testimony that he could smell alcohol on appellant's breath.

Second, appellant argues that the district court abused its discretion in excluding testimony concerning Yun's alleged offer of money to Qu's brother and a confrontation between Qu's family and Yun, testimony appellant sought to introduce to show that

Yun's negligence caused the accident.  Even assuming the district court abused its discretion, we hold that any error was harmless because the jury heard testimony which showed Yun's potential negligence--Yun had crossed the centerline at the moment of impact--and there was substantial evidence showing appellant's gross negligence, e.g., he had been driving without his lights on, he had been changing speeds, and he had been driving "pretty fast" on the wrong side of the road; he hit another car before the collision with Yun; his blood alcohol test results indicated he was over the legal limit; there were open and empty beer cans in the truck and at the accident site; and his breath smelled of alcohol.  See United States v. McCrady, 774 F.2d 868, 874 (8th Cir.1985) ("An error is harmless if the reviewing court, after viewing the entire record, determines that no substantial rights of the defendant were affected . . . and that the error did not influence or had only a very slight influence on the verdict." (cited cases omitted)).

Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-