William H. DAVIS, Petitioner–
Appellant,

v.

Maggie MILLER–STOUT,
Respondent–Appellee.

No. 02–35753.
D.C. No. CV–01–01425–RSL.

United States Court of Appeals,
Ninth Circuit.

Submitted June 9, 2003.*

Decided June 18, 2003.

Before RYMER, THOMAS and
SILVERMAN, Circuit Judges.

---

* This panel unanimously finds this case suit-
  able for decision without oral argument. *See*
  Fed. R.App. P. 34(a)(2). We deny Davis's
  request for oral argument and for an attorney
  to be appointed to represent him at oral argu-
  ment.

MEMORANDUM**

Washington state prisoner William H. Davis appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition, which challenges his conviction and 115–month sentence for possession of cocaine with intent to deliver. We have jurisdiction pursuant to 28 U.S.C. § 2253(a). Reviewing de novo, *Alvarado v. Hill*, 252 F.3d 1066, 1068 (9th Cir.2001), we affirm.

Davis contends that his trial counsel was ineffective because he did not present an argument based on *Washington v. Boyce*, 52 Wash.App. 274, 758 P.2d 1017 (1988), in connection with his motion to suppress. Denying review of this claim, the Washington Supreme Court explained that even if counsel had brought up this case, the result of the hearing would have been the same because of the trial court's factual findings. We cannot say that this conclusion was contrary to or an unreasonable application of federal law as clearly established by the Supreme Court. *See Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (holding that ineffective assistance of counsel requires a showing of deficient performance and prejudice); *see also Boag v. Raines*, 769 F.2d 1341, 1344 (9th Cir.1985) ("Failure to raise a meritless argument does not constitute ineffective assistance.").

Davis also contends that he was denied a fair trial because one juror commented to the other jurors during deliberations that he was concerned about retaliation should he vote to convict. However, the trial court's careful voir dire of the juror made it clear that no prejudicial extrinsic information pertaining to the case had been presented to the jury. *See Mancuso v. Olivarez*, 292 F.3d 939, 950 (9th Cir.2002) (stating that courts must evaluate the specific nature of alleged extrinsic evidence introduced into deliberations). Moreover, the trial court's comments to the juror were not coercive. *See Weaver v. Thompson*, 197 F.3d 359, 365 (9th Cir.1999) (stating that coercion only occurs when a fair inference can be drawn "that jurors who did not agree with the majority felt pressure from the court to give up their conscientiously held beliefs in order to secure a verdict").

Thus, the district court properly denied Davis's petition. *See* 28 U.S.C. § 2254(d) (stating that habeas relief is available only if the state court's decision is contrary to or an unreasonable application of clearly established federal law).[1]

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. To the extent Davis raises additional claims in his briefs, we do not address them because they were not included in the certificate of appealability. *See Hiivala v. Wood*, 195 F.3d 1098, 1103 (9th Cir.1999) (per curiam) (stating that the court's jurisdiction is limited to issues on which a certificate of appealability has been granted).