[No. 20936-9-III. Division Three. May 27, 2003.]

THE STATE OF WASHINGTON, *Respondent*, v. EUGENE R. MYERS, *Appellant*.

*Jonathan Morrison*, for appellant.

*Andrew K. Miller, Prosecuting Attorney*, and *Terry Bloor, Deputy*, for respondent.

SWEENEY, J. — Pretextual stops are prohibited by our state constitution. *State v. Ladson*, 138 Wn.2d 343, 353, 979 P.2d 833 (1999). They generally take the form of police stopping a driver for a minor traffic offense to investigate

more serious violations—violations for which the officer does not have probable cause. Here, a deputy sheriff suspected that Eugene R. Myers was driving with a suspended license. He called for a license check and started to tail the car. When the report did not come back, he stopped Mr. Myers for a couple of minor traffic violations—failures to signal when changing lanes. This is a pretextual stop. And the evidence seized pursuant to the subsequent arrest should have been suppressed. We therefore reverse his conviction.

## FACTS

As Eugene Myers drove past Benton County Sheriff's Deputy Wayne Dubois, the deputy recognized Mr. Myers as someone who had a suspended driver's license approximately one year ago. Deputy Dubois ran a license check. And he followed the car while he waited for a reply. Deputy Dubois saw Mr. Myers make two lane changes while signaling simultaneously. He stopped Mr. Myers because, "[s]o basically they had, you know, two infractions so I just went ahead and stopped them and thought I would just go and contact them and verify it [the driver's status] that way." Report of Proceedings (RP) at 4.

Mr. Myers had a valid license. Deputy Dubois then asked the passenger for her identification because of a seat belt violation he saw earlier. The passenger had an outstanding warrant. Deputy Dubois arrested the passenger and searched the car.

Deputy Dubois asked Mr. Myers if there was anything in the vehicle he needed to be aware of. Mr. Myers responded, "no, just my paycheck roll . . . ." RP at 5. Deputy Dubois found a $1,500 roll. On the floorboard behind the passenger seat, the deputy also found a plastic bag containing several coffee filters with white residue on them. He smelled a chemical odor. The coffee filters field-tested positive for methamphetamine. He arrested Mr. Myers. And he found methamphetamine in Mr. Myers' wallet.

The deputy then obtained a telephonic warrant to search the trunk where he found a methamphetamine lab.

The State charged Mr. Myers with one count of manufacturing methamphetamine and one count of possession of methamphetamine. Mr. Myers moved to suppress the physical evidence arguing that the traffic stop was pretextual. The court denied the motion. A jury found him guilty of both charges.

## DISCUSSION

Mr. Myers argues that this record supports only one conclusion. Deputy Dubois's proffered reason for stopping him—minor traffic violations—was a pretext for his true reason—to investigate a suspected driving with license suspended. We agree.

 *Standard of Review*. We review only those findings to which error is assigned. *State v. Hill*, 123 Wn.2d 641, 647, 870 P.2d 313 (1994). And Mr. Myers does not assign error to any findings of fact. He does, however, assign error to the court's denial of his motion to suppress for the pretextual nature of the traffic stop. The court found that Deputy Dubois made a lawful stop. Clerk's Papers at 26. This is a conclusion of law. And we review it as such. *Escamilla v. Tri-City Metro Drug Task Force*, 100 Wn. App. 742, 747, 999 P.2d 625 (2000). Our review is de novo. *State v. Mendez*, 137 Wn.2d 208, 214, 970 P.2d 722 (1999).

 *Pretextual Stop*. A pretextual traffic stop violates article I, section 7 of the Washington Constitution because it is a warrantless seizure. *Ladson*, 138 Wn.2d at 353.

The essence of a pretextual traffic stop is that the police stop a citizen, not to enforce the traffic code, but to investigate suspicions unrelated to driving. *Id.* at 349. Here, as in *Ladson*, "[t]he question [is] whether the fact that someone has committed a traffic offense, such as failing to signal or eating while driving, justifies a warrantless seizure which would not otherwise be permitted absent that 'authority of law' represented by a warrant." *Id.* at 352

(footnotes omitted). The constitution of this state requires us to look "beyond the formal justification for the stop to the actual one." *Id*. at 353.

We consider the totality of the circumstances. This includes both the subjective intent of the officer and the objective reasonableness of the officer's behavior. *Id*. at 358-59 (disapproving the purely objective inquiry in *State v. Chapin*, 75 Wn. App. 460, 466, 879 P.2d 300 (1994)).

Here, Deputy Dubois began following Mr. Myers' car because he suspected that Mr. Myers was driving with a suspended license. He then stopped Mr. Myers for the infractions so that he could verify this suspicion. RP at 4.

The deputy had stopped cars for lane change violations in the past. But legally the response to that assertion is: so what? He stopped Mr. Myers *in this particular case* because he wanted to verify Mr. Myers' driving status. Deputy Dubois did not testify that he was on a traffic patrol—not that this is dispositive. But he was in the area on some other business when he saw Mr. Myers and decided to investigate him for driving with a suspended license. And the stop here followed his frustration that the license check was taking longer than usual.

■ The State suggests that the stop was proper because police may both stop and arrest a person whom the officer has probable cause to believe is driving with a suspended license. *See State v. Perea*, 85 Wn. App. 339, 341-42, 932 P.2d 1258 (1997). But *Perea* is distinguishable. There, the court held that third degree driving with a suspended license, a misdemeanor, is an offense for which a person may be arrested on the basis of *"week-old information* known to the officer who observed him operating his car." *Id*. at 340 (emphasis added). Here, the information on Mr. Myers' suspended license was approximately *one year old* and, not surprisingly, the suspension had ended.

■ Finally, the deputy's stop of Mr. Myers was not justified by the mere fact that he was investigating Mr. Myers' driving with a suspended license, a "driving" of-

fense. Driving with a suspended license is a misdemeanor or gross misdemeanor, depending upon the degree. RCW 46.20.342. *Ladson*'s reference to the investigation of suspicions "unrelated to the driving" plainly refers to a driving infraction, not the criminal investigation of driving with a suspended license. *See Ladson*, 138 Wn.2d at 349 ("the reasonable articulable suspicion that a traffic infraction has occurred which justifies an exception to the warrant requirement for an ordinary traffic stop does not justify a stop for criminal investigation").

We reverse the conviction.

KURTZ, J., concurs.

BROWN, C.J. (dissenting) — Suspecting Eugene Myers might be driving with an invalid license, Deputy Wayne Dubois, while on routine patrol, called for a license check and followed Mr. Myers' car. While awaiting the dispatcher's response, Deputy Dubois saw Mr. Myers commit two driving infractions and pulled him over. No dispute exists regarding the propriety of the searches conducted incident to the custodial arrests and search warrant. The sole dispute is whether the initial seizure was pretextual. When rejecting Mr. Myers' pretext argument, the trial court reasoned Deputy Dubois "had every right to pull the vehicle over." Report of Proceedings at 25. I agree.

This case is unlike *State v. Ladson*, 138 Wn.2d 343, 979 P.2d 833 (1999), and *State v. DeSantiago*, 97 Wn. App. 446, 983 P.2d 1173 (1999), because here Deputy Dubois' intent was determined by the trial court, after properly considering the totality of the factual circumstances, to be without pretext. The facts are uncontested and are thus verities. *State v. Hill*, 123 Wn. 2d 641, 644, 870 P.2d 313 (1994). The inferences from the facts support the trial court's conclusion. While the deputy wanted to check Mr. Myers' driving status, the stop for the driving infractions was for objectively independent proper reasons, not improper ulterior reasons. Here, the deputy's concerns about Mr. Myers were

merely cumulative, not improper. Accordingly, I respectfully dissent.

Review denied at 150 Wn.2d 1027 (2004).