[No. 23371-5-III.   Division Three.   September 13, 2005.]

THE STATE OF WASHINGTON, *Appellant*, v. JACOB JAMES POTTER, *Respondent*.

*Steven J. Tucker, Prosecuting Attorney*, and *Kevin M. Korsmo, Deputy*, for appellant.

*William D. Edelblute*, for respondent.

¶1 SWEENEY, J. — Police must have probable cause to believe a crime has been or is being committed to arrest. But even a state statute which is ultimately determined to be unconstitutional can support that probable cause determination. Here, police arrested Jacob Potter for driving while his license was suspended. Two related statutes (but not the one Mr. Potter violated) had been ruled unconstitutional. Mr. Potter nonetheless claims that his arrest was unlawful. We conclude that the statute provided ample probable cause for Mr. Potter's arrest. And we reverse the trial court's decision suppressing the drugs seized pursuant to that arrest.

## FACTS

¶2 A police officer stopped Jacob Potter while driving his vehicle. The officer checked the status of Mr. Potter's license; it was suspended. The officer arrested Mr. Potter, searched him incident to the arrest, and found methamphetamine.

¶3 The State charged Mr. Potter with possession of a controlled substance. Mr. Potter moved to suppress the drug evidence pursuant to *City of Redmond v. Moore* and *State v. White.*[1] The court granted Mr. Potter's motion and dismissed the prosecution. The State appeals.

## DISCUSSION

¶4 The State contends that the trial court confused the issues of probable cause to arrest and the constitutional validity of a statute necessary *to convict*. It argues that the validity of an arrest turns on whether an officer had probable cause that a crime had been committed at the time of the arrest, not some later decision as to the constitutionality of a statute.

¶5 Mr. Potter responds that the State must show that the warrantless search of Mr. Potter was conducted incident to a lawful arrest. And it did not do that here because it did not show that his arrest fell outside the unconstitutional statutory provisions in *Moore*.

¶6 We review the trial court's decision to suppress evidence de novo. *State v. Myers*, 117 Wn. App. 93, 96, 69 P.3d 367 (2003), *review denied*, 150 Wn.2d 1027 (2004).

¶7 The court in *Moore* held two license suspension statutes unconstitutional—former RCW 46.20.289 (2002) (mandatory suspension of a driver's license) and former RCW 46.20.324(1) (1965) (no formal hearing for a mandatory suspension of a driver's license). *Moore*, 151 Wn.2d at 667. It then affirmed the dismissal of the charges against

---

[1] *City of Redmond v. Moore*, 151 Wn.2d 664, 91 P.3d 875 (2004); *State v. White*, 97 Wn.2d 92, 640 P.2d 1061 (1982).

the defendants (driving with a suspended license) based on the way those licenses were suspended. *Id.* at 677.

¶8 Mr. Potter's license was apparently suspended under the mandatory provisions in former RCW 46.20.289 and former RCW 46.20.324(1). Mr. Potter argues in his trial brief that "[h]e was arrested and searched pursuant [to] RCW 46.20.289." Clerk's Papers at 6. The State acknowledged Mr. Potter's argument and did not challenge it.

¶9 So the question, then, is whether the subsequent decision in *Moore* affected the validity of Mr. Potter's initial arrest (for driving with a suspended license). It did not.

¶10 Warrantless searches are presumed unconstitutional. *State v. Gaddy*, 152 Wn.2d 64, 70, 93 P.3d 872 (2004). Exceptions to this rule are narrowly drawn. *Id.* But police may search following a lawful arrest. *Id.* The State, however, must show that a search falls within this exception. *State v. Leach*, 113 Wn.2d 735, 738, 782 P.2d 1035 (1989).

¶11 It must show that the officer had probable cause to make a lawful arrest. RCW 10.31.100(3)(e); *Gaddy*, 152 Wn.2d at 70; *State v. Mance*, 82 Wn. App. 539, 542, 918 P.2d 527 (1996). Probable cause requires "facts or circumstances, based on *reasonably trustworthy information, sufficient to cause a reasonable officer to believe a crime has been committed.*" *Gaddy*, 152 Wn.2d at 70. The facts and circumstances must be known to the officer *at the time of arrest, not later. Id.*; *Mance*, 82 Wn. App. at 541-42.

¶12 And an officer may rely on the statutes as written to determine whether a crime has been committed. *State v. Branch*, 129 Wn.2d 635, 648, 919 P.2d 1228 (1996); *White*, 97 Wn.2d at 103-04. So an arrest is not invalid for lack of probable cause simply because the criminal statute a defendant is arrested under is later found to be unconstitutional. *Michigan v. DeFillippo*, 443 U.S. 31, 37-38, 99 S. Ct. 2627, 61 L. Ed. 2d 343 (1979); *see White*, 97 Wn.2d at 103-04; 2 WAYNE R. LAFAVE ET AL., CRIMINAL PROCEDURE § 3.3(b), at 91 (2d ed. 1999). Conviction for a crime based on an

unconstitutional statute will not stand. But the validity of an arrest based on the statute generally remains unaffected:

> *Police are charged to enforce laws until and unless they are declared unconstitutional. The enactment of a law forecloses speculation by enforcement officers concerning its constitutionality—with the possible exception of a law so grossly and flagrantly unconstitutional that any person of reasonable prudence would be bound to see its flaws.*

*DeFillippo*, 443 U.S. at 38 (emphasis added).

¶13 The facts here are not challenged. The State showed that an officer stopped Mr. Potter while driving. The officer checked the status of Mr. Potter's license. It was suspended in the third degree. The officer arrested Mr. Potter for driving with a suspended license. He searched Mr. Potter incident to arrest and found methamphetamine.

¶14 The trial court then should not have suppressed this evidence. *White*, 97 Wn.2d at 103-04; *Mance*, 82 Wn. App. at 542. The police had probable cause to arrest Mr. Potter and therefore search him. *Gaddy*, 152 Wn.2d at 70, 74. The procedural provisions in RCW 46.20.289 and .324(1) (that we assume led to the suspension of Mr. Potter's license) were valid at the time of arrest, and were not so "flagrantly unconstitutional" as to require notice by this officer. *White*, 97 Wn.2d at 103. The arrest was lawful. *DeFillippo*, 443 U.S. at 37-40; *White*, 97 Wn.2d at 103-04.

¶15 We reverse the dismissal and remand for trial.

KATO, C.J., and BROWN, J., concur.

Review granted at 156 Wn.2d 1001 (2006).