[No. 23375-8-III.   Division Three.   November 22, 2005.]

THE STATE OF WASHINGTON, *Respondent*, v. EDWIN PEREZ
PACAS, *Appellant*.

*Daniel M. Arnold*, for appellant.

*Andrew K. Miller, Prosecuting Attorney*, and *Alexander C. Ekstrom, Deputy*, for respondent.

¶1 SWEENEY, J. — Edwin Perez Pacas appeals a conviction for unlawful possession of methamphetamine. Police arrested and searched him incident to arrest for the crime of driving while license suspended in the third degree. RCW 46.20.342(1)(c). But *City of Redmond v. Moore* concluded that a statutory procedure for the suspension of a driver's license was unconstitutional. *City of Redmond v. Moore*, 151 Wn.2d 664, 91 P.3d 875 (2004). From this Mr. Pacas argues that the reason for his arrest was then invalid and police had no right to search him. We conclude that invalid or not, police had probable cause to believe that Mr. Pacas had committed the crime of driving while license suspended. And we affirm his conviction.

## FACTS

¶2 A police officer stopped Edwin Perez Pacas for a traffic violation. The officer checked Mr. Pacas's license. It was suspended. The officer arrested Mr. Pacas for driving while license suspended in the third degree. The officer searched Mr. Pacas incident to arrest and found methamphetamine.

¶3 The State charged Mr. Pacas with possession of methamphetamine. Mr. Pacas moved to suppress the drug evidence based on his belief that the Washington Supreme Court declared the crime of driving while license suspended in the third degree to be unconstitutional in *Moore*. The court denied his motion. The judge found Mr. Pacas guilty at a bench trial. Mr. Pacas appeals.

## DISCUSSION

¶4 We review a trial court's decision to suppress evidence as a matter of law. *State v. Myers*, 117 Wn. App. 93, 96, 69 P.3d 367 (2003), *review denied*, 150 Wn.2d 1027 (2004). Our review is de novo. *Id.*

¶5 Article I, section 7 of the Washington State Constitution prohibits unreasonable searches. A custodial arrest must be *lawful* before police may conduct a warrantless search incident to arrest. *State v. Gaddy*, 152 Wn.2d 64, 70, 93 P.3d 872 (2004); *State v. Holmes*, 129 Wn. App. 24, 30-32, 117 P.3d 360 (2005). A police officer must have both legal authority and probable cause for a lawful arrest. *Gaddy*, 152 Wn.2d at 70; *Holmes*, 129 Wn. App. at 31. Legal authority requires that the crime the defendant is arrested for be constitutionally valid at the time of the arrest. *State v. White*, 97 Wn.2d 92, 102-04, 640 P.2d 1061 (1982); *Holmes*, 129 Wn. App. at 30-32. Probable cause requires "facts or circumstances, based on *reasonably trustworthy information, sufficient to cause a reasonable officer to believe a crime has been committed.*" *Gaddy*, 152 Wn.2d at 70. Probable cause is based upon the facts and circumstances known to the officer at the time of the arrest. *Id.*

■ ¶6 But police may rely on the statutes as written. *State v. Potter*, 129 Wn. App. 494, 497, 119 P.3d 877 (2005). "[A]n *arrest* is not invalid for lack of [legal authority or] probable cause simply because the criminal statute a defendant is arrested under is *later* found to be unconstitutional." *Id.* (emphasis added); *White*, 97 Wn.2d at 102-04; *Holmes*, 129 Wn. App. at 28-29. That is unless the statute is flagrantly unconstitutional. *White*, 97 Wn.2d at 102-04, 107-08, 112 (statute determined to be flagrantly unconstitutional based upon a prior judicial decision); *Potter*, 129 Wn. App. at 498.

■ ¶7 The criminal statute at issue here is RCW 46-.20.342(1)(c). Our Supreme Court recently decided an appeal from a conviction for driving while license suspended in the third degree in *Moore*. *Moore*, 151 Wn.2d at 667-68, 677. The court addressed the constitutionality of two procedural license suspension statutes—"former RCW 46-.20.289 (2002) (mandatory suspension of a driver's license) and former RCW 46.20.324(1) (1965) (no formal hearing for a mandatory suspension of a driver's license)." *Potter*, 129 Wn. App. at 496; *Moore*, 151 Wn.2d at 668-69. It declared both statutes to be unconstitutional. *Moore*, 151 Wn.2d at 677. "[W]e hold RCW 46.20.289 and .324(1) are contrary to the guaranty of due process because they do not provide adequate procedural safeguards to ensure against the erroneous deprivation of a driver's interest in the continued use and possession of his or her driver's license." *Id.* The court did not declare the actual crime of driving while license suspended in the third degree (RCW 46.20.342(1)(c)) to be unconstitutional. *Id.*

¶8 Here, a police officer stopped Mr. Pacas for a traffic violation. His license was suspended (in the third degree). The officer arrested Mr. Pacas.

■■ ¶9 The officer had the legal authority to arrest Mr. Pacas. RCW 46.20.342(1)(c); RCW 10.31.100(3)(e) (An officer may arrest an individual if there is probable cause to believe that the crime of driving while license suspended in the third degree has been committed.). RCW 46.20.342(1)(c) was not

unconstitutional (or flagrantly unconstitutional). *Moore*, 151 Wn.2d at 677. The officer also had probable cause to believe that Mr. Pacas committed the crime of driving while license suspended. *Gaddy*, 152 Wn.2d at 70. The arrest and subsequent search were then lawful.

¶10 We affirm the conviction.

KATO, C.J., and SCHULTHEIS, J., concur.