123 P.3d 130 (2005)
130 Wash.App. 446
STATE of Washington, Respondent,
v.
Edwin Perez PACAS, Appellant.
No. 23375-8-III.
Court of Appeals of Washington, Division 3, Panel Four.
November 22, 2005.
Daniel M. Arnold, Attorney at Law, Richland, WA, for Appellant.
Alexander C. Ekstrom, Benton County Prosecutors Office, Kennewick, WA, for Respondent.
SWEENEY, J.
¶ 1 Edwin Perez Pacas appeals a conviction for unlawful possession of methamphetamine. Police arrested and searched him incident to arrest for the crime of driving while license suspended in the third degree. *131 RCW 46.20.342(1)(c). But City of Redmond v. Moore concluded that a statutory procedure for the suspension of a license was unconstitutional. City of Redmond v. Moore, 151 Wash.2d 664, 91 P.3d 875 (2004). From this Mr. Pacas argues that the reason for his arrest was then invalid and police had no right to search him. We conclude that invalid or not, police had probable cause to believe that Mr. Pacas had committed the crime of driving while license suspended. And we affirm his conviction.

FACTS
¶ 2 A police officer stopped Edwin Perez Pacas for a traffic violation. The officer checked Mr. Pacas's license. It was suspended. The officer arrested Mr. Pacas for driving while license suspended in the third degree. The officer searched Mr. Pacas incident to arrest and found methamphetamine.
¶ 3 The State charged Mr. Pacas with possession of methamphetamine. Mr. Pacas moved to suppress the drug evidence based on his belief that the Washington Supreme Court declared the crime of driving while license suspended in the third degree to be unconstitutional in Moore. The court denied his motion. The judge found Mr. Pacas guilty at a bench trial. Mr. Pacas appeals.

DISCUSSION
¶ 4 We review a trial court's decision to suppress evidence as a matter of law. State v. Myers, 117 Wash.App. 93, 96, 69 P.3d 367 (2003), review denied, 150 Wash.2d 1027, 82 P.3d 242 (2004). Our review is de novo. Id.
¶ 5 Article I, section 7 of the Washington State Constitution prohibits unreasonable searches. A custodial arrest must be lawful before police may conduct a warrantless search incident to arrest. State v. Gaddy, 152 Wash.2d 64, 70, 93 P.3d 872 (2004); State v. Holmes, 129 Wash.App. 24, 30-32, 117 P.3d 360 (2005). A police officer must have both legal authority and probable cause for a lawful arrest. Gaddy, 152 Wash.2d at 70, 93 P.3d 872; Holmes, 129 Wash.App. at 31, 117 P.3d 360. Legal authority requires that the crime the defendant is arrested for be constitutionally valid at the time of the arrest. State v. White, 97 Wash.2d 92, 102-04, 640 P.2d 1061 (1982); Holmes, 129 Wash. App. at 30-32, 117 P.3d 360. Probable cause requires "facts or circumstances, based on reasonably trustworthy information, sufficient to cause a reasonable officer to believe a crime has been committed." Gaddy, 152 Wash.2d at 70, 93 P.3d 872. Probable cause is based upon the facts and circumstances known to the officer at the time of the arrest. Id.
¶ 6 But police may rely on the statutes as written. State v. Potter, 129 Wash.App. 494, 497, 119 P.3d 877 (2005). "[A]n arrest is not invalid for lack of [legal authority or] probable cause simply because the criminal statute a defendant is arrested under is later found to be unconstitutional." Id. (emphasis added); White, 97 Wash.2d at 102-04, 640 P.2d 1061; Holmes, 129 Wash. App. at 28-29, 117 P.3d 360. That is unless the statute is flagrantly unconstitutional. White, 97 Wash.2d at 102-04, 107-08, 112, 640 P.2d 1061 (statute determined to be flagrantly unconstitutional based upon a prior judicial decision); Potter, 129 Wash.App. at 498, 119 P.3d 877.
¶ 7 The criminal statute at issue here is RCW 46.20.342(1)(c). Our Supreme Court recently decided an appeal from a conviction for driving while license suspended in the third degree in Moore. Moore, 151 Wash.2d at 667-68, 677, 91 P.3d 875. The court addressed the constitutionality of two procedural license suspension statutes  "former RCW 46.20.289 (2002) (mandatory suspension of a driver's license) and former RCW 46.20.324(1) (1965) (no formal hearing for a mandatory suspension of a driver's license)." Potter, 129 Wash.App. at 496, 119 P.3d 877; Moore, 151 Wash.2d at 668-69, 91 P.3d 875. It declared both statutes to be unconstitutional. Moore, 151 Wash.2d at 677, 91 P.3d 875. "[W]e hold RCW 46.20.289 and .324(1) are contrary to the guaranty of due process because they do not provide adequate procedural safeguards to ensure against the erroneous deprivation of a driver's interest in the continued use and possession of his or her driver's license." Id. The court did not declare *132 the actual crime of driving while license suspended in the third degree (RCW 46.20.342(1)(c)) to be unconstitutional. Id.
¶ 8 Here, a police officer stopped Mr. Pacas for a traffic violation. His license was suspended (in the third degree). The officer arrested Mr. Pacas.
¶ 9 The officer had the legal authority to arrest Mr. Pacas. RCW 46.20.342(1)(c); RCW 10.31.100(3)(e) (An officer may arrest an individual if there is probable cause that the crime of driving while license suspended in the third degree has been committed.). RCW 46.20.342(1)(c) was not unconstitutional (or flagrantly unconstitutional). Moore, 151 Wash.2d at 677, 91 P.3d 875. The officer also had probable cause to believe that Mr. Pacas committed the crime of driving while license suspended. Gaddy, 152 Wash.2d at 70, 93 P.3d 872. The arrest and subsequent search were then lawful.
¶ 10 We affirm the conviction.
WE CONCUR: KATO, C.J., and SCHULTHEIS, J.