153 P.3d 883 (2007)
STATE of Washington, Respondent,
v.
Dennis Ray KIRWIN, Appellant.
No. 33642-1-II.
Court of Appeals of Washington, Division 2.
February 27, 2007.
*884 James C. Powers, Thurston County Prosecuting Attorney Office, Olympia, WA, for Respondent.
Patricia Anne Pethick, Tacoma, WA, Thomas Edward Doyle, Hansville, WA, for Appellant.
QUINN-BRINTNALL, J.
¶ 1 Dennis Kirwin appeals his conviction for unlawful possession of methamphetamine. Kirwin was driving in Olympia when Officer Kory Pearce saw the passenger in Kirwin's truck throw a beer can onto the sidewalk. On appeal, Kirwin argues that the evidence supporting his conviction was the fruit of an unlawful arrest for the infraction of littering and that his counsel was ineffective for failing to move to suppress evidence seized during a search incident to an unlawful arrest. But under the Olympia Municipal Code *885 (OMC), littering is a misdemeanor. Under former RCW 10.31.100 (2000), the officer had authority to arrest for a misdemeanor committed in his presence and the fruits of this search incident to that lawful arrest are admissible.[1] We affirm.

FACTS
BACKGROUND
¶ 2 Olympia Police Officer Pearce was on a routine patrol when he saw a passenger in a truck driven by Kirwin throw a partially full 24-ounce beer can onto the sidewalk. Pearce activated his emergency lights and then noticed that the passenger, Casey Irwin, seemed to conceal something between the front seats. Kirwin pulled over.
¶ 3 Officer Pearce asked both men for identification; Irwin gave his name and birth date, and Kirwin showed his Washington State identification card. Pearce arrested Irwin for littering. Irwin admitted that he had littered in order to avoid being caught with an open container in the truck.
¶ 4 Officer Pearce then asked Kirwin to step out of the truck. Pearce was concerned for officer safety because it was 2 a.m. and dark and Kirwin wore bulky, baggy outer clothing. He frisked Kirwin and found a large amount of cash and a Marlboro cigarette pack in his pocket. He then asked Kirwin to wait by the patrol car.
¶ 5 Officer Pearce then searched the passenger side of the truck incident to Irwin's arrest, paying special attention to the area in which he had seen Irwin conceal something. In that area, Pearce found a black cloth mesh bag containing several baggies that he believed held a controlled substance.
¶ 6 The officer also noticed a locked center console and asked Kirwin's permission to open and search it. Kirwin replied that the truck belonged to his boss. Officer Pearce told Kirwin that he could effectively consent because the truck was under his control. Kirwin agreed, allowing Pearce to use a key from the key ring in the truck's ignition to open the console. Inside, Pearce found an envelope with $2,800 in cash and a Marlboro cigarette pack containing what Pearce suspected was amphetamine.
¶ 7 Officer Pearce arrested Kirwin and advised him of his Miranda[2] rights, which he waived. Pearce asked Kirwin whether the items inside the console were his, and Kirwin admitted that both the $2,800 and the drugs belonged to him.
PROCEDURE
¶ 8 The State charged Kirwin with one count of unlawful possession of a controlled substance, methamphetamine, in violation of RCW 69.50.4013(1). The State offered Exhibit 1, the substance found in the console, which the crime lab identified as 3.4 grams of crystalline methamphetamine. Kirwin's counsel did not move to suppress this evidence and the trial court did not hold a CrR 3.5 or CrR 3.6 hearing. A jury found Kirwin guilty and the trial court sentenced him to twelve months and one day incarceration.
¶ 9 In this appeal, we address two issues: (1) Are the 3.4 grams of crystalline methamphetamine the fruit of an unlawful arrest for an infraction; and (2) is Kirwin's argument that OMC 9.40.110 violates Washington Constitution article XI, section 11 properly before us for review when Kirwin made the argument for the first time during oral argument.

ANALYSIS
SEARCH INCIDENT TO LAWFUL ARREST
¶ 10 Kirwin argues that (1) the police had no authority to arrest his passenger for littering because littering is a civil infraction for which police may not arrest and (2) the methamphetamine in the console was therefore the fruit of an unlawful arrest and inadmissible. We disagree.
*886 ¶ 11 A warrantless search is per se unreasonable under the Fourth Amendment of the United States Constitution and article 1, section 7 of the Washington Constitution unless it falls within one or more of several specific exceptions to the warrant requirement. State v. Johnson, 128 Wash.2d 431, 446-47, 909 P.2d 293 (1996). A search incident to arrest is one such exception. Johnson, 128 Wash.2d at 447, 909 P.2d 293. A search incident to arrest is valid only if (1) the object searched was within the arrestee's control immediately before, or at the moment of, arrest; and (2) the events occurring after the arrest but before the search did not render the search unreasonable. State v. Smith, 119 Wash.2d 675, 681, 835 P.2d 1025 (1992). In the context of a vehicle search incident to arrest, the so-called "automobile exception" to the warrant requirement, the vehicle is the object searched; thus, it must have been within the arrestee's control immediately before or at the moment of arrest. State v. Rathbun, 124 Wash.App. 372, 376-80, 101 P.3d 119 (2004); and see State v. Cass, 62 Wash.App. 793, 796-97, 816 P.2d 57 (1991) (explaining that the search incident to arrest exception may authorize the police to search a vehicle after arresting the vehicle's passenger), review denied, 118 Wash.2d 1012, 824 P.2d 491 (1992).
¶ 12 Kirwin did not move to suppress this evidence below. Although we generally do not consider issues raised for the first time on appeal, we will if the alleged error is a "manifest error affecting a constitutional right." State v. Contreras, 92 Wash.App. 307, 311, 966 P.2d 915 (1998) (quoting RAP 2.5(a)(3)). But RAP 2.5(a)(3) is an exception to the general rule and is not intended to afford criminal defendants new trials whenever they identify a constitutional issue not litigated below. State v. McFarland, 127 Wash.2d 322, 333, 899 P.2d 1251 (1995). Thus, the claimed error must not only be truly of constitutional magnitude, it must be "manifest." McFarland, 127 Wash.2d at 333, 899 P.2d 1251.
¶ 13 To show that the alleged error was manifest, Kirwin must demonstrate "how, in the context of the trial, the alleged error actually affected [his] rights." McFarland, 127 Wash.2d at 333, 899 P.2d 1251. In other words, Kirwin must show that his trial counsel's failure to challenge the search was prejudicial. McFarland, 127 Wash.2d at 333, 899 P.2d 1251. Kirwin offers only one meritless argument and has demonstrated neither a manifest error nor prejudice.
¶ 14 Under State law, littering to the extent involved here is a civil infraction that is punishable only by a fine. RCW 70.93.060(2), 7.80.120(2). But under OMC 9.40.110, littering is a misdemeanor, punishable by a fine and up to 90 days in jail. OMC 9.64.010. State law authorizes a police officer to arrest a person without a warrant for committing a misdemeanor in the officer's presence. Former RCW 10.31.100. "Misdemeanor" includes misdemeanor violations of municipal codes. See, e.g., State v. Greene, 97 Wash.App. 473, 477-78, 983 P.2d 1190 (1999); City of Seattle v. Cadigan, 55 Wash. App. 30, 34-37, 776 P.2d 727, review denied, 113 Wash.2d 1025, 782 P.2d 1069 (1989); State v. Hawkins, 7 Wash.App. 688, 690, 502 P.2d 464 (1972). It is undisputed that Officer Pearce saw Irwin throw a partially full beer can from a moving vehicle near the corner of Fifth and Plum in Olympia. Thus, former RCW 10.31.100 gave Pearce authority to lawfully arrest him and search incident to that arrest. Because Kirwin does not offer any other argument as to why the evidence should have been suppressed, he has failed to meet his burden to show prejudice. See McFarland, 127 Wash.2d at 333, 899 P.2d 1251.
¶ 15 Further, an error is not manifest if the appellant chose not to litigate the issue at the trial court and no error appears on the record as a result. State v. Valladares, 99 Wash.2d 663, 671-72, 664 P.2d 508 (1983). Kirwin's attorney did not move to suppress the drugs, which were then properly admitted without objection as Exhibit 1. No constitutional error is manifest on this record.
EFFECTIVE ASSISTANCE OF COUNSEL
¶ 16 Kirwin also argues that his trial counsel was ineffective for not challenging the search. To establish ineffective assistance of counsel, Kirwin must show that *887 (1) his trial counsel's performance was deficient; and (2) the deficient performance prejudiced him. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Thomas, 109 Wash.2d 222, 225-26, 743 P.2d 816 (1987). Counsel's performance is not deficient for failing to file frivolous motions to suppress and a defendant is not prejudiced by his counsel's refusal or failure to file a meritless motion. As discussed above, Kirwin failed to establish deficient performance or prejudice and his claim of ineffective assistance of counsel fails.
PREEMPTION
¶ 17 During his oral argument, Kirwin argued for the first time that the State's littering statute "trumps" OMC 9.40.110 and renders it unconstitutional. We reject appellant's attempt to raise new arguments in a case at the final hour. In its brief, the State noted that under OMC 9.40.110 littering is a misdemeanor if committed within Olympia city limits. Appellant chose not to file a reply brief and waited to address the State's response with a novel argument during oral argument.
¶ 18 Absent a change in applicable law, we will not consider an issue raised for the first time during oral argument. State v. Olson, 126 Wash.2d 315, 319-20, 893 P.2d 629 (1995). It is particularly unfair to consider an argument when opposing counsel had no opportunity to prepare a response. See State v. Johnson, 119 Wash.2d 167, 170-71, 829 P.2d 1082 (1992). Here, the State's counsel did his best to respond to Kirwin's last minute constitutional argument. But the prosecutor, understandably, objected to arguing an issue with no preparation or warning. And Kirwin failed to abide by our rules of appellate procedure that gave him two opportunities to properly address this issue. He did not respond in a reply brief to the State's claim that the Olympia ordinance gave police authority to arrest Irwin. And a party who has a meritorious argument that it has not briefed can notify the court that it wishes us to consider the issue under RAP 12.1(b). Johnson, 119 Wash.2d at 171, 829 P.2d 1082. Kirwin did not make a RAP 12.1(b) motion. Accordingly, we refuse to address this issue on the merits.
¶ 19 Although we do not resolve this issue on the merits, we wish to make clear that Kirwin would not have prevailed on this ground. Police may rely on ordinances as written. State v. Potter, 129 Wash.App. 494, 497, 119 P.3d 877 (2005), aff'd, 156 Wash.2d 835, 132 P.3d 1089 (2006). An arrest is not invalid for lack of legal authority simply because the ordinance a defendant is arrested under is later found to be unconstitutional. State v. Pacas, 130 Wash.App. 446, 449, 123 P.3d 130 (2005) (citing State v. White, 97 Wash.2d 92, 102-04, 640 P.2d 1061 (1982)). Rather, the arrest is invalid only if the ordinance is flagrantly unconstitutional on its face. Pacas, 130 Wash.App. at 449, 123 P.3d 130. We see no flagrant unconstitutionality here. Municipal codes often prescribe penalties greater than State law, but we do not find one case in which a court has found that this difference renders the ordinance unconstitutional. See City of Spokane v. White, 102 Wash.App. 955, 960-64, 10 P.3d 1095 (2000) (upholding a Spokane domestic assault ordinance, even though the ordinance prohibited a greater range of conduct than the State statute, because the statute did not expressly permit the behavior that Spokane banned and so the laws did not conflict), review denied, 143 Wash.2d 1011, 21 P.3d 291 (2001). The arrest was valid, notwithstanding the merits of Kirwin's claim.
¶ 20 Accordingly, we affirm.
We concur: BRIDGEWATER, P.J. and ARMSTRONG, J.
NOTES
[1] At oral argument, Kirwin's counsel attempted to argue for the first time that state law preempted Olympia's littering ordinance. Like the United States Supreme Court in Norfolk Southern Railway Company v. Sorrell, ___ U.S. ___, 127 S.Ct. 799, 166 L.Ed.2d 638, 655 (2007), we reject attempts to "smuggle" additional arguments into a case during oral argument.
[2] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).